■ In the Matter of NICHOLAS TARULLI et al., Appellants, v ANTHONY F. D'AMICO, Respondent.—In a habeas corpus proceeding pursuant to section 72 of the Domestic Relations Law, the appeal is from an order of the Family Court, Richmond County, dated August 16, 1976, which, inter alia, granted petitioners visitation rights with their grandchildren, subject however to the agreement of the grandchildren. Order modified, on the facts, by deleting therefrom the provision which conditions the petitioners' visitation rights upon the approval of their grandchildren. As so modified, order affirmed, without costs or disbursements. The circumstances of this case involve a long and bitter struggle between the grandparents and the father of these children as to the grandparents' visitation rights. While the Family Court provided for specific visitation rights, it stated that no visitation could be had against the wishes of the children. This placed the final decision as to visitation in the hands of the three children, none of whom were then over 10 years of age. They are obviously incompetent to make such a decision and should not be forced to choose where their loyalties should lie as between their father and their grandparents. To subject them to such choice is against their best interests. Since the Family Court found that visitation was in the best interests of the children, it should not have made such visitation subject to the choice of the children (see Domestic Relations Law, § 72). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.

■ In the Matter of TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent, v TOWN OF ORANGETOWN et al., Appellants.—In a proceeding pursuant to CPLR article 78, inter alia, to compel appellants to place certain real property owned by petitioner upon the tax exempt assessment roll, the appeals are (1) from an order and judgment (one paper) of the Supreme Court, Rockland County, dated December 3, 1976, which, inter alia, granted petitioner's motion for summary judgment and denied appellants' cross motion for summary judgment and (2) as limited by appellants' brief, from so much of an order of the same court, dated February 14, 1977, as, upon treating their motion to reargue as a motion to renew, denied the said motion. Order and judgment (one paper) affirmed, and order affirmed insofar as appealed from, with one bill of $50 costs and disbursements to cover both appeals. We concur with Special Term's reasoning as to the nature of Columbia University's educational mission and the role of basic scientific research. Clearly, the scientific research activities being conducted at the university's Lamont-Doherty Geological Observatory, a postgraduate institute specializing in the study of the earth, its origin, history and relation to the universe, are an integral part of the educational program and are fully in accord with the educational purposes for which the university was organized (cf. Matter of Explorers Club v Lewisohn, 34 NY2d 143 [incidental educational activities of an organization chartered primarily for scientific, not educational, purposes]). Hence, the university is entitled to an exemption for the subject property pursuant to section 421 (subd 1, par [a]) of the Real Property Tax Law ("Non-profit organizations"). The issue of alleged nonexempt vacant land is not properly a part of this proceeding or ripe for judicial determination; appellants' motion to renew was therefore properly denied. Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.